# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARDO MEJIA, et al., | Civil Action No. 16-0678-BRM-LHG |
| Plaintiffs, | |
| v. | **MEMORANDUM ORDER** |
| BLUE BAY ENTERPRISES, LLC, et al., | |
| Defendants. | |

**THIS MATTER** is opened to the Court by a Second Motion to Compel (ECF No. 36) filed by Plaintiffs Ricardo Garcia and Leonardo Mejia ("Plaintiffs") and a Cross Motion to Strike (the "Cross Motion") (ECF No. 39) filed by Defendants Blue Bay Enterprises, LLC and Michael Krikorian ("Defendants"). Because all the motions are related, the Court has considered these submissions together, along with Plaintiffs' Memorandum in Opposition to the Cross Motion ("Plf. Opp." (ECF No. 40).)

Plaintiffs, who are former employees of Defendants, a restaurant and its owner, assert claims for violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage and Hour Law, as well as retaliation under New Jersey common law. (ECF No. 36 at 1.) Their motion seeks an order compelling Defendants to respond to discovery requests and to appear for depositions sought by Arturo Lopez ("Lopez"). (*Id.*) Lopez is an opt-in member of a collective action under the FLSA. (*Id.*) Plaintiffs concede in a footnote, however, that Lopez missed the Court-ordered deadline for filing his consent to join the collective action. (*Id.* at 2 n.2.) They offer to provide the legal and factual authority in support of permitting Lopez to file his consent form after that deadline. (*Id.*)

1

In their Opposition to the Motion to Strike, Plaintiffs provide the support offered in their footnote. Therein, Plaintiffs assert Lopez filed his consent form just five weeks past the deadline. (ECF No. 40 at 2 (citing Lopez consent to join filed on February 24, 2017 (ECF No. 34)).) They also claim his tardiness was due to health concerns. (*Id.* at 3.) Specifically, Lopez claims to have suffered a severe back injury in 2016 that required a prolonged recovery. (*Id.*) It was not until his doctor fully released him to return to work on January 20, 2017, and he actually did return to work, that Lopez was convinced that he could participate in this litigation. (*Id.* at 2-3.) Plaintiffs attach a declaration from Lopez attesting to his health concerns and their effect on his willingness to join the suit. (Decl. of Arturo Lopez signed July 21, 2017 (ECF No. 40-2).) Plaintiffs contend Defendants would not be prejudiced by adding Lopez and they urge the Court to take into consideration both the remedial purpose of the FLSA and the judicial economy of permitting Lopez to join this suit rather than forcing him to file a separate suit of this own. (ECF No. 40 at 8.)

Defendants' sole opposition to Plaintiffs' Motion to Compel is the Cross Motion, which would strike Lopez from the collective action based on his late submission and would nullify his discovery requests. (ECF No. 39.) Defendants do not dispute that Lopez suffered a back injury. Rather, Defendants contend his reliance on his injury is a sham, given that his doctor had fully released him to work for more than a month before the deadline passed. (Br. in Support of Def.'s Mot. to Strike (ECF No. 39-1) at 6.) Defendants contend Lopez has not met the requisite showing of good cause, and his late consent to join should be stricken. (*Id.*)

Initially, it is noteworthy that from April 26, 2017, when The Honorable Lois H. Goodman, U.S.M.J. conducted a Settlement Conference for this case, until June 28, 2017, when the parties reported that settlement talks had fully and finally broken down, counsels' efforts had

been focused on negotiating a resolution to this matter. The Court therefore finds that the effect of any delay on discovery, and associated prejudice to Defendants, that might flow from Lopez's late entry is substantially reduced.

"In this circuit, courts analyze whether to excuse untimely opt-in requests under the excusable-neglect and good-cause standards." *Boyington v. Percheron Field Services, LLC,* Civ. No. 14-90, 2017 WL 1378328, at *3 (W.D. Pa. April 12, 2017). The relevant factors are: "(1) the danger of prejudice to the nonmovant; (2) the length of the delay and its potential effect on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movants; and (4) whether the movants acted in good faith." *Id*. The Court finds Lopez's inclusion would neither inflict unfair prejudice on Defendants nor meaningfully delay these proceedings. Lopez's hesitation to join the suit based on his health concerns, while both debatable and within his control, is understandable given his health history. The Court finds no reason to infer Lopez acted in bad faith. Accordingly, on balance, the Court finds Plaintiffs have shown good cause to excuse Lopez's late filing. Defendants' Cross Motion to Strike (ECF No. 39) is therefore **DENIED**.

Inasmuch as Lopez is properly a party to this litigation, Defendants are obligated to respond to his requests for discovery. Plaintiffs' Second Motion to Compel (ECF No. 36) is therefore **GRANTED**. Defendants are instructed to treat outstanding discovery requests from Lopez as served on the date of this Order.

**IT IS THEREFORE** on this 6th day of October 2017,

**ORDERED** that Second Motion to Compel (ECF No. 36) is **GRANTED**; and it is further

**ORDERED** that Defendants' Cross Motion to Strike (ECF No. 39) is **DENIED**.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**